UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MACARTHUR GUILE, II,
# 429156,

    Plaintiff,

v.

STEVEN E. SCHNEIDER, et al.,

    Defendants.
_____/

Case No. 1:15-CV-1069

HON. GORDON J. QUIST

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Douglas Guile II, a state prisoner, filed a civil rights action *pro se* against Defendants pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds of qualified immunity. (ECF No. 25.) Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) recommending that the Court grant the motion as to Defendants Schneider, Vandenakker, Grembowski, Sutherland, and Schafer and deny the motion as to Defendants Lawson and Skipper. (ECF No. 35.) Defendants have not objected. Guile filed an objection on February 12, 2018,[1] objecting to the dismissal of Schneider and Grembowski and conceding the dismissal of Vandenakker, Sutherland, and Schafer. (ECF No. 38.)

Pursuant to Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R

---

[1] Guile sought an extension of time to file objections, and Magistrate Judge Green granted the extension. (ECF Nos. 36 & 37.) Therefore, Guile's objections were timely.

& R to which a party objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Guile's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Guile claims Schneider and Grembowski violated his First Amendment rights by taking retaliatory actions against him for filing grievances. The purported retaliation related to Defendants transferring Guile between housing units in the prison and, ultimately, to a Section V Prison. The R & R found that Schneider and Grembowski are entitled to qualified immunity because "[t]he Sixth Circuit has held that merely transferring a prisoner to a different facility is not adverse conduct without a showing that the prisoner suffered something more . . ." (ECF No. 35 at PageID.205 (citing *Hermansen v. Kentucky Dep't of Corr.*, 556 F. App'x 476, 477 (6th Cir. 2014); *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011); *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005); *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005).)

Guile fails to distinguish these cases and fails to establish that Schneider and Grembowski committed—in the eyes of the law—an adverse action against him. Instead, he recounts in factual detail the purported scheme against him and states that Schneider and Grembowski coordinated "to launch an attack against [Guile] and punish him for his exercising of his constitutional right to file a grievance." (ECF No. 38 at PageID.220.) While Guile himself may feel that transfers were adverse to him—due, at least in part, to him to losing a prison job and having to deal with complications from back pain—these transfers are insufficient in the eyes of the law to meet the second prong of a retaliation claim, *i.e.*, adverse action. Guile has not shown otherwise and,

therefore, has failed to establish a constitutional violation. Schneider and Grembowski are accordingly entitled to qualified immunity.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 38) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 25) is **GRANTED IN PART** as to Defendants Schneider, Vandenakker, Grembowski, Sutherland, and Schafer, and **DENIED IN PART** as to Defendants Lawson and Skipper.

The case will continue on Plaintiff's claims against Defendants Lawson and Skipper only.


Dated: March 5, 2018                                         /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE