UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DOUGLAS MACARTHUR GUILE, II, # 429156, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 1:15-cv-1069 |
| v. | )<br>) Honorable Gordon J. Quist |
| GREGORY SKIPPER, et al., | )<br>) |
| Defendants. | )<br>) |

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro* se by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Michigan Reformatory. Plaintiff alleges that Deputy Warden Gregory Skipper and Transfer Coordinator Meashell Lawson retaliated against him in violation of his First Amendment rights by transferring him to another prison. Plaintiff seeks an award of damages against defendants in their individual capacities.[1]

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 49). Defendants argue that plaintiff has not presented sufficient evidence to raise a genuine issue of fact for trial and that they are entitled to qualified immunity. Plaintiff opposes defendants' motion.[2] (ECF No. 52, 53). For the reasons

---

[1] All other claims have been dismissed. (ECF No. 39).
[2] Plaintiff's complaint is not verified under penalty of perjury such that it could be considered as his affidavit in opposition to defendants' motions for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Arguments in

set forth herein, I recommend that the Court grant defendants' motion for summary judgment and enter a judgment in defendants' favor on all plaintiff's claims.

## Applicable Standards

A.  Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham*

---

parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

*Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

    B.    <u>Qualified Immunity</u>

Defendants also argue that they are entitled to summary judgment on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' " *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation and quotation omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see City of Escondido, Calif. v. Emmons*, No. 17-

1660, __ U.S. __, 2019 WL 113027, at *2 (U.S. Jan. 7, 2019). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see* W*hite v. Pauly*, 137 S. Ct. 548, 552 (2017).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v. City of Columbus, Ohio*, 739 F. App'x 834, 839 (6th Cir. 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity."). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections. In March 2015, he was housed at the Michigan Reformatory (RMI). On March 3, 2015, he filed a grievance against Corrections Officer Christopher Vandenakker, complaining that, on March 2, 2015, there had been an extended interruption of the electrical power supply to his prison cell. (ECF No. 1-1, PageID.18).

RMI was the only security level IV prison that could accommodate plaintiff's "single cell" medical restriction. Prison "health care" notified RMI's Transfer Coordinator Meashell Lawson that plaintiff also required a stair restriction. This

medical restriction could not be accommodated at RMI.[3] (Lawson Aff. ¶¶ 4-5, ECF No. 50-2, PageID.261; Skipper Aff. ¶¶ 4-5, ECF No. 50-3, PageID.282).  On March 18, 2015, Ms. Lawson prepared a security classification screen indicating that plaintiff should be housed in a security level V prison. (ECF No. 50-2, PageID.264; ECF No. 53-1, PageID.318).

Deputy Warden Skipper agreed that plaintiff's overall institutional history warranted a security level increase. On March 18, 2015, he approved the security classification screen and ordered that plaintiff be transferred to security level V at the Marquette Branch Prison (MBP) because it could accommodate plaintiff's single cell and stair restrictions. (*Id.* at PageID.263-64, ECF No. 50-4, PageID.285; Skipper Aff. ¶¶ 6-7, PageID.282). Defendants deny transferring plaintiff in retaliation for his filing a grievance. (Lawson Aff. ¶¶ 3-6, PageID.261; Skipper Aff. ¶¶ 3-4, PageID.282).

## Discussion

Defendants argue that they are entitled to summary judgment because plaintiff has not supported his retaliation claims with evidence sufficient to raise a genuine issue of fact for trial on the second and third elements of that claim. (ECF No. 50, PageID.252-55).

---

[3] Paragraph O of MDOC Policy Directive 04.06.160 states, in pertinent part: "A prisoner with a currently valid Medical Detail or Special Accommodation Notice shall be transferred only to a facility where his/her special medical needs can be met." (ECF No. 50-2, PageID.271).

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to establish a First Amendment retaliation claim, a plaintiff must present evidence that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Id.*, 175 F.3d at 394. The plaintiff has the burden of proof on all three elements. *See, e.g., Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

### A.   Protected Conduct

The filing of a prison grievance is generally constitutionally-protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Because defendants did not contest this element, no further discussion of the protected conduct element is necessary.

### B.   Adverse Action

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. "[G]enerally, a transfer to another institution 'does not constitute an adverse action since a transfer is merely an ordinary incident of prison life.' " *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (quoting *Siggers-El v. Barlow*, 412 F.3d at 704). "Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct."

*Siggers-El*, 412 F.3d at 701. Merely transferring a prisoner to a different facility is not adverse conduct without a showing that the prisoner suffered something more, such as a denial of access to the courts, loss of a work assignment necessary to pay the attorney assisting in his appeal of his criminal conviction, or placement in a significantly more restrictive prison environment. *See Hermansen v. Kentucky Dep't of Corr.*, 556 F. App'x 476, 477 (6th Cir. 2014) (*per curiam*); *see also Williamson v. Woods*, No. 2:18-cv-141, 2018 WL 6177393, at *5 (W.D. Mich. Nov. 27, 2018) (collecting cases).

Plaintiff's response to defendants' motion for summary judgment is not supported by evidence that MBP was significantly more restrictive than RMI. Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the adverse action element.

C. Causation

The third element of a retaliation claim addresses whether a defendant's subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Thaddeus-X*, 175 F.3d at 399. If the prisoner can show that the defendant's adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the defendant to show that he or she would have taken the same action even absent such protected conduct. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff has offered no evidence on which a reasonable trier of fact could find in his favor on

the causation element, and defendants have demonstrated that they would have taken the same action in the absence of protected conduct.

I recommend that defendants' motion for summary judgment be granted because plaintiff has not presented evidence sufficient to withstand defendants' motion.

### D. Qualified Immunity

Defendants claim that qualified immunity provides an additional ground for granting summary judgment in their favor. They note that plaintiff was transferred to another prison for the purpose of accommodating his medical restrictions. (ECF No. 50, PageID.255-57). Plaintiff's response is merely an argument that "increasing an inmate's security level for engaging in constitutionally protected conduct constitutes a clearly established constitutional violation in 2016 so as to preclude qualified immunity." (ECF No. 53, PageID.315).

Plaintiff has failed to present evidence sufficient to survive defendants' motion for summary judgment on the merits, and his generalized argument regarding the law in 2016 does not suffice to show a violation of clearly established law in March 2015, when the defendants acted. *See Brosseau v. Haugen*, 543 U.S. at 198 (quotation omitted). Plaintiff bears the burden of showing that the right was clearly established in light of the specific context of this case, as established by the evidence, not as a broad general proposition. *See Thompson*, 831 F.3d at 370. I find that plaintiff has not carried his burden, and that defendants are also entitled to summary judgment on plaintiff's claims on the basis of qualified immunity.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment (ECF No. 49) and enter a judgment in defendants' favor on all plaintiff's claims.


Dated: January 9, 2019                     /s/  Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).