UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS GUILE, II, #429156,

       Plaintiff,

v.

GREGORY SKIPPER, et al.,

       Defendants.
                               /

Case No. 1:15-CV-1069

HON. GORDON J. QUIST

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint against several MDOC employees alleging claims under 42 U.S.C. § 1983. Plaintiff's claims arise out of events that occurred while Plaintiff was incarcerated at the Michigan Reformatory (RMI). On May 5, 2018, the Court entered an Order adopting Magistrate Green's December 27, 2017, Report and Recommendation (ECF No. 39), which dismissed all of Plaintiff's claims except his claims that Defendants Lawson and Skipper retaliated against him in violation of the First Amendment. As to those Defendants, Plaintiff alleged that Defendant Skipper, a Deputy Warden at RMI, retaliated against him by approving a security classification screen that resulted in Plaintiff being transferred to Marquette Branch Prison (MBP), a level V security facility, and that Defendant Lawson, the transfer coordinator at RMI, provided false information on Plaintiff's security screen in order to increase Plaintiff's security classification. (ECF No. 35 at PageID.196–97.)

Defendants Skipper and Lawson filed a motion for summary judgment (ECF No. 49), and Plaintiff filed a response (ECF Nos. 52, 53). On January 9, 2019, Magistrate Judge Phillip Green

issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 56.) The magistrate judge concluded that Defendants are entitled to summary judgment because Plaintiff failed to present evidence that his transfer to MBP constituted an adverse action and that Defendants transferred Plaintiff because of his protected conduct. (*Id.* at PageID.334–35.) The magistrate judge further found that Defendants are entitled to qualified immunity. (*Id.* at PageID.336.)

Plaintiff filed an objection to the R & R (ECF No. 57) and Defendants filed a response (ECF No. 58). Plaintiff also filed a response to Defendants' response, which the Court construes as a reply. (ECF No. 59.)

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiffs' objection, Defendants' response, Plaintiff's reply, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to establish a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977)).

The magistrate judge concluded that although Plaintiff established that he engaged in protected conduct, he failed to show that his transfer constituted an adverse action and that Defendants transferred him because of his protected conduct. In support of their motion, both Defendants submitted affidavits attesting that they transferred Plaintiff to MBP in order to accommodate a stair restriction that health care issued for Plaintiff. (ECF No. 50-2 at PageID.261; ECF No. 50-3 at PageID.282; ECF No. 50-4 at PageID.285.) Defendant Lawson explained that RMI is the only level IV facility that could accommodate a single cell requirement, but it was unable to accommodate stair restrictions for less than 15 stairs. (ECF No. 50-2 at PageID.261.) Defendant Lawson further explained that Plaintiff was transferred to MBP because it was a level V facility that could accommodate both of Plaintiff's needs (single cell and less-than-15-stair restriction). (*Id.*)

The magistrate judge was correct to conclude that Plaintiff failed to establish the second and third elements of his claim because Plaintiff failed to present admissible evidence establishing both that MBP was significantly more restrictive than RMI and that Defendants' actions were motivated by Plaintiff's protected conduct. Although Plaintiff includes his declaration with his objection (ECF No. 57-1 at PageID.353–55), the magistrate judge did not have the declaration before him when he issued the R & R because Plaintiff did not submit it with his response. The Court recognizes that it has discretion to consider Plaintiff's affidavit in resolving Plaintiff's Objection, *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009), but it declines to exercise that discretion because nothing prevented Plaintiff from presenting his declaration to the magistrate judge when Plaintiff filed his response.

Plaintiff cites *King v. Zamiara*, 150 F. App'x 485 (6th Cir. 2005), as support for his argument that the transfer to MBP—a higher level security facility—was significantly more restrictive and could have amounted to an adverse action. But even if the Court applied *King* and even if Plaintiff

3

had presented evidence showing that conditions as MBP were much more restrictive, Plaintiff still fails to present evidence creating a genuine issue of material fact that Defendants transferred him because he filed a grievance against Corrections Officer Vandenakker. In short, Plaintiff offers no evidence to show that Defendants' explanation for transferring him was not the true reason for the transfer or that Defendants would not have transferred Plaintiff in the absence of his protected activity.[1]

Therefore,

**IT IS HEREBY ORDERED** that the January 9, 2019, Report and Recommendation (ECF No. 56) is **APPROVED AND ADOPTED** as the Opinion of the Court. Plaintiff's Objection (ECF No. 57) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 49) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated: March 28, 2019 　　　　　　　　　　　　　　　　/s/ Gordon J. Quist　　　
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff argues that he presented evidence showing pretext because the security screen was improperly performed by Lawson, a transfer coordinator, rather than by one of the designated officials—a RUM, an ARUS, or a Prison Counselor—as prescribed by MDOC Operating Procedure 05.01.130. However, nothing in the operating procedure indicates that no other MDOC employee can perform a security screen. In contrast, as Defendants have shown, the transfer was in accordance with MDOC Policy Directive 04.06.160, Paragraph O, which states that "[a] prisoner with a currently valid Medical Detail or Special Accommodation Notice shall be transferred only to a facility where his/her special medical needs can be met." (ECF No. 50-2 at PageID.271.)